I ¿WOODARD, Judge.
This writ is to determine the admissibility of drug screening results in a suit for workers’ compensation. The defendant, D.B.L. Drilling & Production Services, Inc., (D.B.L.), and its workers’ compensation insurer, the Gray Insurance Company (Gray), filed an application for writs from the workers’ compensation judge’s decision denying introduction of the results of a drug screening into evidence. The workers’ compensation judge found the drug test results to be inadmissible as evidence of intoxication under La.R.S. 23:1081(8) because the company’s alleged policy did not satisfy the requirements of that statute concerning testing for drugs. We denied D.B.L.’s writ application. The Louisiana Supreme Court remanded this case to this court for briefing, argument, and an opinion. We again deny D.B.L.’s writ application.
| ¿FACTS
In January of 1997, D.B.L. hired Donavon Israel (Israel) to serve as a floor-hand on one of its drilling rigs near Kaplan, Louisiana. On February 4, 1997, Israel signed a document providing:

SAFETY AND DRUG POLICY

[I]t is the express [sic] of D.B.L. Drilling & Production Services, Inc., that when our employees come to work, they are expected to be lucid, sober and prepared to perform their job functions without endangering themselves or their co-workers because of drug or alcohol use on or off the job site. Any employee found to be intoxicated or using prescribed or non-prescribed drugs which may impair job performance, will be subject to immediate termination, forfeiting any rights they may have otherwise had to workers and/or unemployment compensation.
STATEMENT: If I am found to be in violation of the above policies, I will not hold D.B.L. Drilling & Production Services, Inc., or its insurance carrier responsible for any expenses should I be injured while on the job. I have read and understand these policies regarding safety and drug/alcohol use while in their employment.
Signed: s/Donavon Israel 2-4-97
Employee Date
On March 2, 1997, Israel sustained injury to his foot during the course of his employment. D.B.L. transported Israel to the American Legion Hospital in Crowley, Louisiana. Once hospitalized, D.B.L. requested that Israel be subjected to a drug screen urinalysis. The results revealed the presence in his system of high levels of cocaine and marijuana. Consequently, Gray terminated all benefits and denied further medical treatment in accordance with La.R.S. 23:1081.
This matter came before the workers’ compensation judge on March 20, 1998. At the pretrial conference, Israel made an oral motion in limine to exclude the results of the drug screen. The workers’ compensation judge first denied the motion, but then reversed herself and excluded the results of the drug screening. She then granted D.B.L.’s request for a stay, pending a writ application to this court. We denied D.B.L.’s writ application on May 5, 1998. The supreme court granted certiorari and remanded the case to this court for rendition 'of an opinion.
*805 J3LAW
D.B.L. alleges that the workers’ compensation judge erred in granting Israel’s motion in limine, excluding Israel’s drug screening results. It claims that it is entitled to introduce into evidence the drug test results on the basis of its drug policy pursuant to La.R.S. 23:1081(8). D.B.L. asserts that silence on the issue of drug testing in the policy is irrelevant because the existence of a general policy banning the use of drugs at the workplace is a sufficient basis to trigger the application of the statute.
Thus, the sole issue presented by D.B.L. involves what constitutes a “policy” under La.R.S. 23:1081(8), especially concerning testing; namely, is a general statement of intent of intolerance towards drugs enough, or are specifics needed as to implementation?
The workers’ compensation judge held that D.B. L.’s policy did not satisfy the requirements provided by La.R.S. 23:1081(8), stating the following reasons:
A DBL policy makes no reference to drug-testing. There’s no evidence that there was any kind of drug testing policy in place. Yes, there was a general policy that if you are found to have used drugs, you will be terminated and not entitled to benefits, but no where does it say or set forth the method of finding out how he got those drugs.
So therefore, there’s no notice to the employee of drug testing and the fact that this drug test may be taken or a drug test taken at any time. That is my biggest problem with the drug policy. If it had any of that kind of language in there, I wouldn’t have had as serious a problem. Therefore, pursuant to the statute, the drug testing will not come in.
La.R.S. 23:1081 provides, in pertinent part, as follows:
(1) No compensation shall be allowed for an injury caused:
[[Image here]]
(b) by the injured employee’s intoxication at the time of the injury,....
[[Image here]]
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.
Ji.--
(5) If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance ... it shall be presumed that the employee was intoxicated.
[[Image here]]
(7)(a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.
(b) If the employee refuses to submit himself to drug and alcohol testing immediately after the alleged job accident, then it shall be presumed that the employee was intoxicated at the time of the accident.
(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee’s use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.
To interpret this statute, the operative word to decipher is “policy.” We note that interpretation of this statute in the context of the ease sub judice is one of first impression. La.Civ.Code art. 11 provides in part that when interpreting, “[t]he words of a law must be given their generally prevailing meaning.” The word “policy” is defined as “a definite course or method of action selected from among alternatives and in light of given conditions to guide and determine present and future decisions.” WebsteR’s Ninth New Collegiate DictionaRY 910 (1983) (emphasis added). This suggests that more than a simple statement of a lack of *806 tolerance for drugs in the workplace is necessary for an employer’s expression to be considered a policy and that, in fact, procedures or action steps are required.
Accordingly, we agree with the workers’ compensation judge that D.B.L. fell far short of satisfying this basic requirement. D.B.L.’s statement does not specify anything regarding drug testing that could qualify as a policy within the meaning of the statute. Specifically, the language used by D.B.L. does not set forth any method of action regarding drug testing, nor does it select from among various testing |5alternatives, such as preemployment screening, random drug screening, or specify under what circumstances an employee may be required to submit to testing. D.B.L.’s “policy” does not state, or even suggest, that the employee may be subjected to drug screening. It is simply a broad statement regarding the prohibition of the use of drugs in the workplace. D.B.L. asks us to imply its right to test from this proclamation; however, we cannot read into its document more than it provides.
This opinion is in no way intended to suggest that this court is in favor of drugs in the workplace. On the contrary, the court is constrained by the dictates of the legislature, as set forth in La.R.S. 23:1081, et seq. Accordingly, we deny the writ, finding the the workers’ compensation judge’s decision to be correct
CONCLUSION
A drug testing policy must be more than a statement of prohibition against drugs in the workplace in order for an employer to be entitled to avail itself of the benefits of La.R.S. 23:1081, et seq.
WRIT DENIED.